**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| THERESA PUFFINBERGER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. SAG-13-1237 |
| | * | |
| COMMERCION, LLC and MARGOLIS, | * | |
| PRITZKER, EPSTEIN & BLATT, P.A. | * | |
| | * | |
| Defendants. | * | |

******

## MEMORANDUM

Plaintiff Theresa Puffinberger filed this action against Defendants Commercion, LLC ("Commercion") and Margolis, Pritzker, Epstein & Blatt, P.A. ("MPEB") (collectively "Defendants"), alleging that the Defendants violated federal and state debt collection and consumer protection laws by attempting to collect a debt owed by Ms. Puffinberger. Now pending are three motions – Ms. Puffinberger's Motion for Partial Summary Judgment as to Liability Only on All Counts of the Complaint, the Defendants' Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment, and Ms. Puffinberger's Motion to Strike the Defendants' Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment. *See* ECF Nos. 34, 35, 37. I have considered the motions and replies thereto. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, the motions will be denied in part and granted in part.

### I. Factual and Procedural Background

The present action derives from two cases that Defendants allegedly filed against Ms. Puffinberger in Anne Arundel District Court in March, 2012. Defendant Commercion is a licensed collection agency and a client of Defendant MPEB, a law firm that pursues debt

collection lawsuits on behalf of debt-buyers. *See* Compl. ¶ 13; Pritzker Dep. 35:15-21. On March 13, 2012, Commercion, by and through MPEB as counsel, filed a lawsuit against Ms. Puffinberger in Anne Arundel District Court seeking to collect $1,741.48 owed on a credit card account.[1] *See* Pl.'s Resp. Ex. 1. On March 15, 2012, the Defendants contend that the district court requested an additional copy of the complaint, which the Defendants provided. *See* Defs.' Mot. Ex. 6. According to the Defendants, upon receiving a photocopy of the original complaint, the district court mistakenly opened a new case, which was docketed on March 23, 2012. Defs.' Mot. 12. The Defendants voluntarily dismissed the March 13, 2012 lawsuit, and the district court dismissed the March 23, 2012 lawsuit, claiming that it was barred by the statute of limitations.[2] The Defendants appealed the district court's ruling to the Circuit Court for Anne Arundel County, which affirmed the district court's decision that the March 23, 2012 lawsuit was filed beyond the limitations period.

On March 12, 2013, Ms. Puffinberger filed a three-count Complaint against the Defendants in the Circuit Court for Anne Arundel County, alleging that the Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), Maryland Consumer Debt Collection Act ("MCDCA"), and the Maryland Consumer Protection Act ("MCPA") by: (1) calling her directly with knowledge that she was represented by an attorney, and threatening to intercept her tax returns, garnish her wages, and take titles to her vehicles; (2) attempting to collect a time-barred debt that lacked credibility; and (3) using incorrect contract documents from Chase Manhattan Bank in their complaint. *See* Compl. ¶¶ 64-87. The Defendants timely removed the action to this Court on April 26, 2013. *See* ECF No. 1. The parties agreed to proceed before a Magistrate

---

[1] The district court's docket notes that the case was filed on March 13, 2012. However, the Defendants contend that the Complaint was not date stamped, rendering it impossible to know the precise date when the clerk received the pleading. *See* Defs.' Mot. 12.

[2] Although disputed by Ms. Puffinberger, the Defendants contend that they erroneously dismissed the March 13, 2012 lawsuit, and that they intended to dismiss the duplicative March 23, 2012 lawsuit. *See* Pritzker Dep. 16:17-20.

Judge for all proceedings, and Judge Russell assigned this case to me pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4, on June 14, 2013.  ECF No. 25.

## II.  Legal Standards

### A.  Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that the Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).   A material fact is one "that might affect the outcome of the suit under governing law…"  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute regarding a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  A party seeking summary judgment bears the burden of showing that there is no evidence to support the non-moving party's case, and must only show an absence of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In response, the non-moving party must show that there is a genuine issue for trial.  District Courts reviewing a motion for summary judgment "must view the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in favor of the nonmovant."  *McLean v. Ray*, 488 F. App'x. 677, 682 (4th Cir. 2012) (internal citations omitted).   A court must decide whether there is a genuine issue for trial, "not . . . weigh the evidence and determine the truth of the matter."  *Anderson*, 477 U.S. at 242–43.

### B.  Judgment on the Pleadings

The Defendants have filed a Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment.  A court reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) applies the same standard applicable to motions made under Rule 12(b)(6).  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  That

is, the motion "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Id.* at 244. A motion for judgment on the pleadings is converted into a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). "Matters such as exhibits are outside the pleadings if a complaint's factual allegations are not expressly linked to and dependent upon such matters." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012).

The Defendants have attached a considerable number of exhibits to their motion. These exhibits include a credit card statement, briefs submitted to state court in the state court action, and affidavits. All of these exhibits have been reviewed and considered in reaching the decision herein. Therefore, the Defendants' motion is more appropriately considered as a motion for summary judgment. "When faced with cross-motions for summary judgment, the court must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotations omitted). The court must also "take care to resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." *Id.* (internal quotations omitted).

## III. Analysis

### A. Plaintiff's Motion to Strike the Defendants' Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment

Ms. Puffinberger moves this Court to strike the Defendants' Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment because it is untimely. *See* ECF No. 37. The Defendants do not dispute that their motion is beyond the applicable time for filing, according to the Court's Scheduling Order. In place of striking their motion as untimely, the

Defendants argue that good cause exists to allow them to file their dispositive motion after the original deadline imposed by the Court. Defs.' Resp., ECF No. 40.

Rule 16 of the Federal Rules of Civil Procedure requires a district judge to issue a scheduling order, which must include time limits for the parties to file motions. Fed. R. Civ. P. 16(b)(3). A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). After a deadline in a scheduling order has expired, "the good cause standard must be satisfied" to justify leave to file a dispositive motion. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *see also Carter v. VNA, INC.*, No. GLR-12-868, 2013 WL 3967925 (D. Md. July 30, 2013). Good cause exists where "scheduling deadlines cannot be met despite a party's diligent efforts." *Potomac Electric Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 375 (1999) (internal quotations omitted). A scheduling order "is not an aspirational schedule to be ignored if inconvenient, but rather an order that must be obeyed absent good cause." *Wonasue v. University of Maryland Alumni Ass'n.*, No. PWG-11-3657, 2013 WL 5719004, at *2 (D. Md. Oct. 17, 2013). In the absence of good cause, "untimely cross-motions for summary judgment are subject to being stricken." *Carter*, 2013 WL 3967925, at *7.

On May 17, 2013, Judge Russell issued a Scheduling Order, which provided a deadline of October 29, 2013 for dispositive pretrial motions. ECF No. 18. Ms. Puffinberger's Motion for Partial Summary Judgment was docketed on October 30, 2013. *See* ECF No. 34. However, contrary to Defendants' assertion, Ms. Puffinberger's motion for summary judgment is not untimely. Ms. Puffinberger erroneously filed her motion for summary judgment as a pretrial memorandum on October 29, 2013. *See* ECF No. 33; Pl.'s Reply 2, ECF No. 41. The Clerk's office instructed counsel for Ms. Puffinberger to re-file the motion using the correct "event." Ms. Puffinberger's motion was timely re-filed on October 30, 2013. *See* ECF No. 34. The

Defendants filed their Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment, on November 18, 2013. *See* ECF No. 35. The docket demonstrates that the parties had fallen behind the Scheduling Order. In a letter to Judge Sullivan requesting a later settlement conference, co-counsel for Ms. Puffinberger stated that the parties had not yet completed depositions due to a calendar error, and would not expect to do so until either October 11, 2013, or October 15, 2013.[3] *See* ECF No. 30. According to the Scheduling Order, the deadline for discovery had been September 30, 2013. *See* ECF No. 18. Given that the parties were delayed in completing depositions, and that the parties notified the Court of the delay, good cause exists to justify the belated filing of Defendants' dispositive motion.[4] Ms. Puffinberger's Motion to Strike the Defendants' Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment will be denied, and both parties' dispositive motions will be considered on their merits.

### B. Puffinberger's Motion for Partial Summary Judgment on All Counts

Ms. Puffinberger moves this Court to grant summary judgment in her favor on all counts of the Complaint as to liability, because she believes that there is no genuine issue of material fact "that the Defendants filed an action against her asserting a claim that was barred by the applicable statute of limitations." Pl.'s Mot. 5. I disagree, and find that summary judgment in favor of Ms. Puffinberger is inappropriate as to each count of the Complaint.

---

[3] Ms. Puffinberger contends that the cause of the discovery delay rests squarely on the Defendants' shoulders. She states that the Defendants failed to appear to depositions scheduled on August 27, 2013, because they "mistakenly calendared the date for September 27, 2013." Pl.'s Reply 2, ECF No. 41. There is nothing in the record to suggest that the Defendants' mistake was anything other than inadvertent. Therefore, Ms. Puffinberger's contention does not undermine this Court's finding of good cause.

[4] In a letter order on May 31, 2013, Judge Russell directed the parties to file a proposed amended scheduling order, should the settlement conference be unsuccessful. *See* ECF No. 20. The parties postponed the settlement conference, yet failed to submit a proposed amended scheduling order. Therefore, the Defendants' motion is either untimely, according to the original scheduling order, or not untimely, in the absence of an amended scheduling order. Given that good cause exists to allow the belated filing of their motion, this distinction is one without any practical effect.

### i. Count I – Fair Debt Collection Practices Act

Ms. Puffinberger argues that the Defendants are liable under the FDCPA for filing a time-barred lawsuit against her. *See* Pl.'s Mot. 13. 15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This prohibition specifically includes the "false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). "These provisions have been interpreted to prohibit a debt collector from threatening to sue on a debt that it knows to be barred by limitations." *Wallace v. Capital One Bank*, 168 F. Supp. 2d 526, 527 (D. Md. 2001) (citing *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1488–90 (M.D. Ala. 1987)). In order to prevail on a FDCPA claim, the Plaintiff must prove that "(1) the defendant was a debt collector, (2) the defendant's conduct in attempting to collect a debt was prohibited by the Act and (3) the debt was a consumer debt." *In re Creditrust Corp.*, 283 B.R. 826, 830 (Bankr. D. Md. 2002). There is no dispute that the Defendants are debt collectors under the FDCPA. The parties disagree as to whether the Defendants violated the Act, and whether the underlying debt is consumer debt. Because I find that the Defendants have raised a genuine dispute of material fact regarding shelter under the Act's bona fide legal error defense, Ms. Puffinberger's Motion for Summary Judgment on Count I will be denied.

Ms. Puffinberger relies on *Kimber v. Federal Financial Corporation*, 668 F. Supp. 1480 (M.D. Ala. 1987), in which the court concluded that suing or threatening to sue on a time-barred claim violates the FDCPA. *Kimber*, 668 F. Supp. at 1489. However, the Defendants argue that even if they violated the FDCPA, they are entitled to shelter under the Act's bona fide legal error defense. Defs.' Mot. 9–18. The "bona fide error" defense is "an affirmative defense that insulates debt collectors from liability even when they have violated the FDCPA." *Johnson v. Riddle*, 443 F.3d 723, 727 (10th Cir. 2006). The Defendants are entitled to the defense if they

can prove that the violation was "1) unintentional, 2) a bona fide error, and 3) made despite the maintenance of procedures reasonably adapted to avoid the error." *Johnson*, 443 F.3d at 727–28; 15 U.S.C. § 1692k(c).

To determine whether a violation of the FDCPA is unintentional, courts have employed a subjective test that asks whether the debt collector can establish the lack of specific intent to violate the act. *Johnson*, 443 F.3d at 728 (stating that the Sixth and Seventh Circuits follow this approach). The Defendants deny any intentional violation of the FDCPA. *See* Defs.' Mot. 13. In support of this contention, they have submitted the affidavit of Scott Wheat, the attorney who signed the state court complaint. *See* Defs.' Mot. Ex. 4. Mr. Wheat's affidavit states that by his calculation, the statute of limitations could begin to accrue on Ms. Puffinberger's debt on March 11, 2009 at the earliest, and that, at the time he signed the state court complaint, he believed it was not barred by the limitations period. Wheat Aff. ¶¶ 5-9. Viewing the evidence in the light most favorable to Defendants, Mr. Wheat's affidavit establishes a genuine issue of material fact as to whether the violation was intentional.

The two remaining prongs of the bona fide error defense are objective inquiries, and require the Defendants to demonstrate that the error was bona fide, and that they have procedures in place reasonably adapted to avoid any such error that would violate the FDCPA. *Johnson*, 443 F.3d at 729. Ms. Puffinberger contends that the Defendants' bona fide legal error defense must fail because legal errors cannot establish the defense, and because Maryland law governing the three-year limitations period is plain. *See* Pl.'s Resp. 12-14. Ms. Puffinberger is incorrect in asserting that a legal error of state law cannot establish the bona fide legal error defense. In *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010), the Supreme Court held that a mistaken interpretation of the FDCPA does not fall within the bona fide error defense. *Jerman*, 559 U.S. at 604. However, the Court expressly declined to reach the question

of whether the bona fide error defense would apply to a mistaken interpretation of the requirements of state law. *Id.* at 580 n.4 (stating "[t]he parties disagree about whether § 1692k(c) applies when a violation results from a debt collector's misinterpretation of the legal requirements of state law or federal law other than the FDCPA…[b]ecause this case involves only an alleged misinterpretation of the requirements of the FDCPA, we need not, and do not, reach those other questions."). Therefore, *Jerman* is not dispositive.

Instead, a genuine dispute of material fact exists as to whether the Defendants' error was bona fide. "[T]he bona fide component serves to impose an objective standard of reasonableness upon the asserted unintentional violation." *Johnson*, 443 F.3d at 729. The parties do not dispute that the applicable limitations period under state law is three years. They disagree as to when the limitations period begins to run. *See* Defs.' Reply 20–21. Ms. Puffinberger contends that the period begins to run when the debtor defaults on payment. *See* Pl.'s Mot. 8, 17–18. The Defendants contend that the limitations period could run at several different points, including when the debtor made a material breach of the contract, or when each individual installment becomes due under a note providing for periodic payment of a debt. *See* Defs.' Mot. 20–22. Because both parties cite legal and factual support for their respective positions, the issue is not appropriate for resolution on summary judgment.

With respect to the third element of the defense – procedural safeguards, the Defendants assert that procedures are in place to prevent the filing of time-barred claims. The Defendants have submitted the affidavit of Jeffrey Pritzker, the managing partner of MPEB. Defs.' Mot. Ex. 3. Pritzker's affidavit states that MPEB's policies require that each complaint be reviewed to "determine that the lawsuit is within the applicable statute of limitations period" and that the attorney reviewing the complaint "must not sign any lawsuit if the applicable limitations period has expired on the action." Pritzker Aff. 1–2. Although Ms. Puffinberger contests the adequacy

of the safeguards, in light of the evidence adduced by the Defendants to suggest the potential viability of the bona fide error defense, summary judgment is unwarranted.

### ii. Count II - Maryland Consumer Debt Collection Act

Ms. Puffinberger alleges that the Defendants violated the MCDCA by attempting to collect a time-barred debt. Pl.'s Mot. 20. The MCDCA prohibits a debt collector from "claim[ing] or attempt[ing] or threaten[ing] to enforce a right with knowledge that the right does not exist." *See* Md. Code Ann. Com. Law § 14-202 (West 2013). The knowledge requirement of the MCDCA "has been held to mean that a party may not attempt to enforce a right with actual knowledge or with reckless disregard as to the falsity of the existence of the right." *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 463 (D. Md. 2013) (citing *Kouabo v. Chevy Chase Bank, F.S.B.*, 336 F. Supp. 2d 471, 475 (D. Md. 2004)). The Defendants contend that they did not knowingly and intentionally file two state court actions, nor did they pursue any cause of action beyond the statute of limitations. *See* Defs.' Reply 10. Rather, they argue that their calculation of the statute of limitations placed them within the applicable period to file suit, and that the state court's error caused two identical lawsuits to be docketed. As discussed above, a genuine dispute of material fact exists regarding the Defendants' knowledge that they were filing and pursuing a time-barred lawsuit. Accordingly, Ms. Puffinberger's Motion for Summary Judgment on Count II will be denied.

### iii. Count III - Maryland Consumer Protection Act

Finally, Ms. Puffinberger asserts that the Defendants violated the MCPA by engaging in unfair and deceptive practices. *See* Pl.'s Mot. 23. Ms. Puffinberger correctly states that any violation of the MCDCA is also a *per se* violation of the MCPA. *See* Md. Code Ann. Com. Law § 13-301(14)(iii). The MCPA prohibits a person from engaging in "any unfair or deceptive trade practice…in...(5) the collection of consumer debts." Md. Code Ann. Com. Law § 13-303. The

MCPA defines unfair or deceptive trade practices extensively, including any "(1) false, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers; [and]…(3) failure to state a material fact if the failure deceives or tends to deceive." Md. Code Ann. Com. Law § 13-301. For the reasons addressed above, facts relevant to this claim remain in dispute, and Ms. Puffinberger is not entitled to summary judgment.[5]

### C. Defendants' Motion for Summary Judgment

The Defendants move for summary judgment on three grounds: (1) that Ms. Puffinberger cannot prove that the debt in question is consumer debt, an essential element of her FDCPA and MCDCA claims; (2) that even if Ms. Puffinberger can prove that the debt in question is consumer debt under the FDCPA, the Defendants are entitled to shelter under the bona fide legal error defense; and (3) that Defendant MPEB, and by extension, Commercion, are exempt from liability under the MCPA's professional services exemption. I have addressed Defendants' second argument in the context of Ms. Puffinberger's Motion for Summary Judgment. Although a genuine issue of material fact already exists as to liability, I will briefly address the Defendants' remaining contentions.

### i. Count I – Fair Debt Collection Practices Act

The FDCPA defines "consumer" and "debt" separately. A consumer is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The term "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

---

[5] Defendant MPEB is entitled to summary judgment on the MCPA claim for the reasons set forth in Section III.C.iii. below.

There is no binding precedent instructing this Court how to determine consumer debt. However, in an unpublished opinion, the Fourth Circuit has favorably cited opinions from the Ninth and Seventh Circuits, stating, "in determining whether debt is consumer debt, court[s] should 'examine the transaction as a whole' and 'look to the substance of the transaction and the borrower's purpose in obtaining the loan, rather than the form alone.' " *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 335 (4th Cir. 2012) (quoting *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001)). A determination of "whether debt is consumer debt depends on the 'transaction out of which the obligation to repay arose, not the obligation itself.' " *Id.* (quoting *Miller v. McCalla, Raymer, Padrick, Cobb, Nicholas, & Clark, LLC*, 214 F.3d 872, 875 (7th Cir. 2000)).

The reasoning of *Boosahda* is particularly instructive, because it is factually similar to the present case. Boosahda asserted claims under the FDCPA for violations arising from the defendant's unsuccessful state suit against him to collect more than twenty thousand dollars owed on credit card accounts. *Boosahda*, 462 F. App'x at 332. During discovery, Boosahda claimed to have no recollection of obtaining or using the credit cards that were the subject of the debt. *Id.* at 333. Ultimately, the district court granted summary judgment in favor of the defendant because Boosahda could not demonstrate that the credit card debt was consumer debt. *Id.* Boosahda appealed to the Fourth Circuit, arguing that he demonstrated that his debt was consumer debt in three ways. *Id.* at 334. First, he argued that a letter he received from the defendant constituted an admission that it was seeking to collect a consumer debt. *Id.* Second, he contended that the defendant's state court action against him personally established that the defendant was seeking to collect a consumer debt. *Id.* Finally, he suggested that his declaration in state court established that he did not incur the credit card debt for business purposes. *Id.*

The Fourth Circuit disagreed, and found that none of Boosahda's arguments had merit. The Fourth Circuit noted that the defendant's mere use of the word "debt" in a statutorily required disclosure did not evidence that the debt was consumer debt. *Boosahda*, 462 F. App'x at 335. The Fourth Circuit also stated that the fact that the state court action was initiated against Boosahda in his personal capacity was not dispositive because "a person can be sued in his or her individual capacity even for business debts." *Id.* Finally, the Fourth Circuit concluded that Boosahda's statements in his declaration did not establish that the debt was consumer debt, because the declaration, in which Boosahda stated definitively that he never used the credit cards for business purposes, contradicted earlier statements in which Boosahda could not recall obtaining or using the credit cards in question. *Id.*

In a subsequent FDCPA case in this circuit, *Hammerman v. GB Collects, LLC*, No. DKC-13-1606, 2013 WL 5816499 (D. Md. Oct. 28, 2013), this Court determined that the debt at issue was incurred primarily for commercial, not consumer, purposes. In *Hammerman*, the plaintiff, an owner and managing partner of a legal entity, obtained a group insurance policy on behalf of the entity. After the plaintiff failed to make premium payments on the policy, the account went into collection, and the plaintiff pursued legal action against the debt collector via the FDCPA. *Hammerman*, 2013 WL 5816499, at *1. The court concluded that the debt was incurred by the legal entity, and not by the plaintiff individually, because: (1) the debt related to the entity's group insurance policy, which did not pertain to personal, family, or household purposes; (2) the entity was clearly identified on the application for the insurance policy; (3) the collection letters sent to the plaintiff by the debt collector evidenced an attempt to collect on a debt incurred by the entity; and (4) the plaintiff explicitly acknowledged in a letter that the obligation arose from the entity's failure to make premium payments. *Id.* at *3.

Several facts distinguish the instant case from *Boosahda* and *Hammerman*. First, Ms. Puffinberger remembers using the credit card, although she cannot recall the particular credit card transactions from which the debt arose. *See* Puffinberger Dep. 28: 1-14. She does declare, however, that, "any credit incurred for the charge account at issue, which was originally a Washington Mutual credit card account, was for personal, family, or household purposes." Decl. of Theresa Puffinberger, ECF No. 38-4. The Defendants contend that it is contradictory to assert no knowledge of credit card transactions, yet definitively declare that the debt is consumer in nature. Defs.' Reply 13, ECF No. 39. However, Ms. Puffinberger notes that she is not a business owner, and has never been engaged in any type of business activity while owning the credit card. Pl.'s Resp. 10–11. She also states that all bills for the credit card were mailed to her personal address. *Id.* at 11. Finally, she notes that the last recorded purchase on the account was made at a 7-11 near her home. *Id.* These facts tend to demonstrate that Ms. Puffinberger obtained, and used, the credit card for consumer purchases, yet cannot remember exactly what those purchases were.

Ms. Puffinberger also highlights several of the Defendants' actions, which she believes demonstrate that they sought to collect a consumer debt. Ms. Puffinberger points to documents accompanying the Defendants' complaint in state court. Specifically, the Defendants filed an affidavit and supporting checklist with their complaint, pursuant to Maryland Rule 3-306, in which Commercion indicated that it attached a "certified or properly authenticated photocopy or original document showing the terms and conditions of the *consumer debt*." *See* Pl.'s Resp. Ex. 1, at 2 (emphasis added). Ms. Puffinberger also notes that the top of the state court complaint reads "COMPLAINT – ASSIGNED CONSUMER DEBT." Pl.'s Resp. Ex. 1, at 1. An additional document filed with the complaint in state court, which provides details of the case, states that, "the attached records…(b) were records that normally and customarily are kept in the

course of the regularly conducted activity for businesses that issues credit…resulting in consumer debt, sells consumer debt, and purchases consumer debt." Pl.'s Resp. Ex. 1, at 3. Viewing the competing inferences in favor of Ms. Puffinberger, I find that with respect to Count I, a genuine dispute of material fact exists regarding the nature of the debt at issue.

### ii. Count II - Maryland Consumer Debt Collection Act

The MCDCA defines a "consumer transaction" similarly to the FDCPA's definition of consumer debt. A "consumer transaction" is defined as "any transaction involving a person seeking or acquiring real or personal property, services, money, or credit for personal, family, or household purposes." Md. Code Ann. Com. Law § 14-201(c). As noted above, however, a genuine dispute exists as to whether the transactions on Ms. Puffinberger's credit card were incurred for personal, family, or household purposes. Therefore, Defendants' Motion for Summary Judgment on Count II will be denied.

### iii. Count III - Maryland Consumer Protection Act

The MCPA specifically exempts lawyers from its coverage. The Defendants contend that "[t]he filing of lawsuits and engaging in litigation are unquestionably the professional services rendered by a lawyer." Defs.' Mot. 9. Thus, they argue, MPEB is exempt from liability. I agree. The MCPA explicitly states that it does not apply to "(1) the professional services of a…lawyer." Md. Code Ann. Com. Law § 13-104(1). Ms. Puffinberger argues that the provision of the MCPA exempting lawyers cannot apply to Defendant MPEB because it is a law firm "that engages lawyers and non-lawyer staff to perform debt collection activities, and is a licensed debt collector under Maryland law." Pl.'s Resp. 19. However, courts have concluded that the professional services exemption applies "even when the plaintiff has alleged the defendant acted in some way other than his professional capacity." *Butler v. Wells Fargo Bank, N.A.*, No. MJG-12-2705, 2013 WL 145886, at *3 (D. Md. Jan. 11, 2013) (finding that the defendant law firm

met the professional services exemption under the MCPA despite the plaintiff's contention that the law firm was acting, not as a lawyer, but as a substitute trustee); *see also Lembach v. Bierman*, 528 F. App'x 297, 304 (4th Cir. 2013) (concluding that plaintiff's MCPA claim failed because defendant law firm was exempt "[g]iven the plain language of the Act exempting attorneys and considering the fact that Maryland courts have applied the exemption broadly…"); *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 (D. Md. 2012) (finding defendant attorneys exempt under the MCPA despite plaintiff's contention that the attorneys were acting as trustees in foreclosure proceedings.)

Accordingly, the Defendants' Motion for Summary Judgment on Count III will be granted as to Defendant MPEB, and denied as to Defendant Commercion. Defendant Commercion is a collection agency, and is not entitled to the professional services exemption. Defendants' argument that Commercion cannot be liable for MPEB's alleged violations of the MCPA because "there is no derivative liability to impute from MPEB (agent) to Commercion (principal) under principles of respondeat superior" is unavailing. Defs.' Reply 9.

**Conclusion**

For the reasons set forth above, Ms. Puffinberger's Motion for Partial Summary Judgment as to Liability Only on All Counts of the Complaint will be denied. Defendants' Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment will also be denied, except the motion will be granted as to Defendant MPEB on Count III only. Ms. Puffinberger's Motion to Strike will be denied. A separate Order follows.


Dated: January 10, 2014


                                        /s/
                        Stephanie A. Gallagher
                        United States Magistrate Judge